### COMMERCIAL CITY BANK *v.* MITCHELL.

ATKINSON, J. A deed conveying an undivided one-half interest in land contained a general warranty as to title. At the time of the conveyance the land was occupied as a warehouse by a tenant of the grantor, under a lease which had a year to run. The deed did not expressly refer to such lease or possession. The tenant refusing to vacate, on the basis of its inability to obtain immediate possession the grantee instituted an action against the grantor for damages as

for breach of the covenant of warranty contained in the deed, alleging the value of the property for rent at a sum exceeding the amount that the tenant had agreed to pay. The defendant filed an answer setting up that formerly the property was owned by plaintiff and defendant in equal interests as tenants in common, and while so owned and occupied by a tenant under a lease similar to that above mentioned, the plaintiff, being financially embarrassed and in need of ready money, proposed that defendant should take over the plaintiff's interest in the property on the basis of a stated price, the defendant giving plaintiff an option to repurchase the property at the same price within a stated time, the plaintiff in the meantime to manage and keep the property rented so that the rents should net the defendant a stated per cent. interest on the amount stated. as the price of the property. The proposal was accepted and carried into effect by the plaintiff executing a deed similar in all respects to the subsequent deed from defendant to plaintiff as mentioned in the original petition, and by the execution of a written option from defendant to the plaintiff, which subsequently was extended for one year. Immediately after execution of the option embodying the agreement of the plaintiff to manage and control the property as above indicated, the plaintiff proceeded to perform its duties with respect thereto, and in the course of its dealings with the property negotiated, prepared, and presented to the defendant for execution a new lease to the tenant then occupying the premises, for a longer term and at a higher rental. The lease was duly executed, and was the outstanding lease referred to in the plaintiff's petition. A few days before expiration of the option as. extended, the plaintiff desiring to pay the money and repurchase the land, the parties had a final accounting as to rents and settlement, and upon payment of the full amount due him the defendant executed the deed to the plaintiff as set out in the plaintiff's petition. At the time of such conveyance both plaintiff and defendant knew of the existence of the outstanding lease last above mentioned, and intended that the conveyance should be subject to the lease, so that each party would have half interest in the rents, and believed that the deed as executed would in legal effect be a conveyance subject to the lease as above indicated; if such was not the effect, as contended by the plaintiff, the omission to make a provision in the deed that it would have such effect was an honest mistake of law upon the part of both parties, which would operate injuriously to the defendant, and should be corrected in equity by an appropriate decree reforming the deed. The answer also alleged that the plaintiff was estopped, under all of the circumstances, from denying that it accepted the conveyance subject to the outstanding lease, and prayed that the deed be reformed. The plaintiff demurred to the answer, upon the grounds, that there was an unauthorized attempt by parol to vary the terms of a valid written contract, that the allegations of fact relied on were insufficient in law to set up estoppel or to show such mistake or fraud as would suffice as a basis for equitable relief, and that the several matters set up in the answer did not amount to a valid defense to the action. The demurrer was overruled, and on the trial a verdict was returned for defendant. A motion for new trial made by plaintiff was over- 🌸

ruled, and it excepted.   In the bill of exceptions error was also as-
signed upon the judgment overruling the demurrer.   *Held*:

1. The answer as amended alleged sufficient grounds for reformation of
   the deed held by the plaintiff as prayed.   Whether or not the answer
   was sufficient without the allegations and prayer to reform the deed,
   considering the allegations relating to that relief in connection with
   all other allegations, the answer set up a valid defense to the ac-
   tion.

2. The court did not err, during the direct examination of the defendant
   as a witness in his own behalf, in propounding certain questions to
   the witness, with the view of bringing out material evidence upon
   the issues in the case.

3. Certain grounds of the motion for new trial complain of the admission
   of parol evidence and others of documentary evidence, all of which
   tended to establish facts alleged in the answer, and as indicated in
   the foregoing statement of the case.   The parol evidence related to
   matters which rested in parol, and the documentary evidence to mat-
   ters which were in writing.   The evidence was admissible.

4. In the remaining grounds of the amended motion for new trial error
   was assigned upon certain excerpts from the charge, in some instances
   on the ground that the charge was not authorized by the evidence,
   and in other instances upon the ground that the charge was not
   adapted to the pleadings or authorized by the evidence.   Such grounds
   of the motion for new trial are without merit;   it being apparent,
   upon a careful examination, that the portions of the .charge excepted
   to were properly adjusted to the pleadings and authorized by the evi-
   dence.

5. The evidence was sufficient to support the verdict, and the court did
   not err in refusing a new trial.

                    *Judgment affirmed.   All the Justices concur.*
              No. 2414.   FEBRUARY 14, 1922.

Action for breach of warranty.   Before Judge E. D. Graham.
Sumter superior court.   December 20, 1920.

*Shipp & Sheppard* and *Wallis & Fort,* for plaintiff.
*Hixon & Pace* and *W. W. Dykes,* for defendant.